698 So.2d 247 (1996)
Cary Michael LAMBRIX, Appellant,
v.
STATE of Florida, Appellee.
No. 86119.
Supreme Court of Florida.
September 12, 1996.
Rehearing Denied August 18, 1997.
Matthew Lawry, Tallahassee, and Robert Josefsberg of Podhurst, Orseck, Josefsberg, Miami, for Appellant.
Robert A. Butterworth, Attorney General, and Carol M. Dittmar, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Cary Michael Lambrix, a prisoner under sentence of death, appeals the denial of his motion for postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The facts and procedural history of this case are fully set forth in Lambrix's prior appeals and collateral challenges. Lambrix v. State, 494 So.2d 1143 (Fla.1986) (affirming Lambrix's sentence of death for the murders of Clarence Moore and Aleisha Bryant); Lambrix v. Dugger, 529 So.2d 1110 (Fla. 1988) (denying petition for habeas corpus alleging ineffective assistance of appellate counsel); Lambrix v. State, 534 So.2d 1151 (Fla.1988) (affirming trial court's denial of Lambrix's motion for postconviction relief alleging ineffective assistance of trial counsel); Lambrix v. State, 559 So.2d 1137 (Fla.1990) (affirming trial court's denial of Lambrix's habeas petition alleging ineffective assistance of counsel); Lambrix v. Singletary, 641 So.2d 847 (Fla.1994) (denying Lambrix's habeas petition alleging Espinosa[1] error and ineffective assistance of appellate counsel). Lambrix also filed a habeas petition in federal court in 1988, which raised a number of the same issues asserted in the case at bar. The federal district court's denial of the petition was recently affirmed in a comprehensive opinion by the Eleventh Circuit Court of Appeals. See Lambrix v. Singletary, 72 F.3d 1500 (11th Cir.1996).
*248 The trial court summarily denied Lambrix's instant motion for postconviction relief, finding that his claims were without merit and procedurally barred as untimely and successive or abusive. Lambrix's appeal raises a number of issues, only one of which merits discussion.[2] Lambrix asserts that he was deprived of the right to represent himself in his initial motion for postconviction relief in violation of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Durocher v. Singletary, 623 So.2d 482 (Fla.1993). He asserts that the proper remedy for this alleged violation is to permit him the opportunity to raise a new, original motion for postconviction relief.
We do not need to reach Lambrix's claim that he should have been allowed to represent himself in the prosecution of his motion for postconviction relief. In his appeal from the denial of that motion, Lambrix did not raise the issue of whether he should have been permitted to represent himself. Lambrix has waited six years to raise this issue, well beyond the two-year time limit imposed by rule 3.850. In the meantime, Lambrix has had a number of opportunities to represent himself, including two pro se proceedings considered on their merits by this Court. See Lambrix, 529 So.2d at 1110; Lambrix, 559 So.2d at 1137. Furthermore, Lambrix has failed to establish that there are issues he would have raised while representing himself in his first 3.850 proceeding that have not already been raised in subsequent proceedings.
Lambrix also argues that his collateral counsel's failure to appeal the trial court's denial of his request to represent himself constituted ineffective assistance of counsel. However, claims of ineffective assistance of postconviction counsel do not present a valid basis for relief. Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In any event, in a previous pro se petition, Lambrix raised a claim of ineffective assistance of collateral counsel which was denied. Lambrix, 559 So.2d at 1138. Successive claims of ineffective assistance of counsel on different grounds are not permitted. Aldridge v. State, 503 So.2d 1257 (Fla. 1987).
Lambrix's claims are procedurally barred. We affirm the trial court's order denying the motion for postconviction relief.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Espinosa v. Florida, 505 U.S. 1079, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992).
[2] Lambrix also raised the following claims: 1) the trial court erred in denying his motion without holding a hearing or attaching portions of the record to the order; 2) the trial court erred in finding that his motion was untimely and successive; 3) Lambrix was deprived of effective assistance of counsel when his counsel forced him to choose between his right to testify and his right to assistance of counsel, failed to adequately cross-examine and impeach key state witnesses, failed to investigate and present a voluntary intoxication defense, failed to conduct jury selection in a reasonably competent manner, failed to investigate and present available, compelling mitigating evidence, and failed to object to the instructions given for the "especially heinous, atrocious or cruel," the "cold, calculated and premeditated," and the "pecuniary gain" aggravators; 4) during the penalty phase, the trial court acted arbitrarily in finding and weighing the "pecuniary gain" aggravator; and 5) during the penalty phase, the trial court failed to conduct an independent evaluation of the mitigating evidence.