724 So.2d 595 (1998)
Alfredo Heredia DIAZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-03629
District Court of Appeal of Florida, Second District.
November 20, 1998.
*596 Alfredo Heredia Diaz, pro se.
No appearance for Respondent.
PER CURIAM.
In this petition for a belated appeal filed pursuant to Florida Rule of Appellate Procedure 9.140(j), Alfredo Heredia Diaz complains that appointed counsel failed to file a notice of appeal, upon Diaz's timely request, from an adverse decision of the trial court on a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Until recently Florida courts have granted relief in such circumstances upon a proper evidentiary basis. See e.g., Jones v. State, 642 So.2d 121 (Fla. 5th DCA 1994); McLeod v. State, 586 So.2d 1351 (Fla. 5th DCA 1991). Our supreme court, however, recently stated that such relief was inappropriate in the postconviction setting. See Lambrix v. State, 698 So.2d 247, 248 (Fla.1996), cert. denied, ___ U.S. ___, 118 S.Ct. 1064, 140 L.Ed.2d 125 (1998). This decision has been criticized by the majority of a divided panel of the Fifth District. See Steele v. Kehoe, 724 So.2d 1192, 23 Fla. L. Weekly D771 (Fla. 5th DCA 1998).
Lambrix apparently mandates that counsel's purported failure to file a notice of appeal upon timely request by Diaz from the denial of a postconviction motion affords Diaz no relief in the form of a belated appeal. Accordingly, we deny the petition. The court in Lambrix foreclosed inquiry into the effectiveness of appellate counsel employed in a collateral proceeding for failing to brief a specific issue, whereas Diaz here hopes to resuscitate an appeal which he asserts was lost due to the negligence of trial counsel. Accordingly, we certify to the supreme court the following question as one of great public importance:
DOES THE HOLDING OF LAMBRIX V. STATE, 698 SO.2D 247 (Fla. 1996), FORECLOSE THE PROVISION OF A BELATED APPEAL FROM THE DENIAL OF A POSTCONVICTION MOTION WHEN THE NOTICE OF APPEAL WAS NOT TIMELY FILED DUE TO THE INEFFECTIVENESS OF COUNSEL IN THE COLLATERAL PROCEEDING?
Petition denied.
CAMPBELL, A.C.J., and FULMER and CASANUEVA, JJ., concur.