763 So.2d 1069 (1999)
Lynwood WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-01282.
District Court of Appeal of Florida, Second District.
August 20, 1999.
Loren D. Rhoton, Tampa, for Appellant.
No appearance for Appellee.
*1070 PER CURIAM.

ORDER DISMISSING APPEAL
Lynwood Williams, through his counsel, filed a motion for belated appeal, seeking leave to maintain an untimely appeal from the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Williams' counsel asserted that Williams had timely requested him to file a notice of appeal, but through neglect, inadvertence, or error, he miscalculated the time for filing the notice.
In Diaz v. State, 724 So.2d 595, 596 (Fla. 2d DCA 1998), this court held that the Supreme Court of Florida's decision in Lambrix v. State, 698 So.2d 247 (Fla.1996), mandated that a defendant be afforded no relief in the form of a belated appeal based on counsel's failure to file a notice of appeal from the denial of a postconviction motion, upon timely request by a defendant. Based on our holding in Diaz, this court denied Williams' motion for belated appeal.
Williams thereafter filed a motion for rehearing which he amended. In the amended motion currently before us, Williams argues that the supreme court's decision in Steele v. Kehoe, 747 So.2d 931 (Fla.1999) decided after this court denied Williams' motion for belated appeal, requires us to grant him a belated appeal from the denial of his motion for postconviction relief.
Steele holds that when a convicted defendant alleges that his or her counsel agreed to file a postconviction motion on the defendant's behalf in the trial court, but failed to do so in a timely manner, it is appropriate to order a hearing to determine whether a belated postconviction motion should be permitted. See 747 So.2d at 934. If the prisoner prevails at the hearing, he or she is entitled to belatedly file a rule 3.850 motion. See id. The supreme court in Steele further modified rule 3.850(b) to expressly provide an exception to the two-year filing requirement for a rule 3.850 motion if the defendant alleges that he or she retained counsel to timely file such a motion and counsel, through neglect, failed to do so. See id. 747 So.2d at 934.
Although the supreme court in Steele did not address the issue of belated appeal raised by Williams' motion, we have doubt about the continued vitality of Lambrix and Diaz, in light of Steele.[1] We are nevertheless constrained to dismiss this appeal as untimely filed based on Lambrix and Diaz. We, however, grant Williams' amended motion for rehearing to the extent that we certify to the supreme court the same question that we certified in Diaz, with the following modifications:
DOES THE HOLDING IN LAMBRIX V. STATE, 698 SO.2D 247 (FLA.1996), WHEN CONSIDERED IN LIGHT OF THE SUPREME COURT OF FLORIDA'S PRONOUNCEMENT IN STEELE V. KEHOE, 747 So.2d 931 (FLA.1999), FORECLOSE THE PROVISION OF A BELATED APPEAL FROM THE DENIAL OF A POSTCONVICTION MOTION WHEN THE NOTICE OF APPEAL WAS NOT TIMELY FILED DUE TO THE INEFFECTIVENESS OF COUNSEL IN THE COLLATERAL PROCEEDING?
Amended motion for rehearing granted and question certified; appeal dismissed.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.
NOTES
[1] Although the supreme court stated in Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999), that there was a need to amend Florida Rule of Criminal Procedure 3.850(b) by adding a provision to allow a belated "appeal," we believe the reference to belated "appeal," as opposed to belated "motion," was unintended because clearly the rule amendment itself addresses only belated motions filed in the trial court.