PER CURIAM.
In this Anders[1] appeal, we affirm the trial court’s order denying the appellant’s Florida Rule of Criminal Procedure 3.850 motion, both summarily and after an evi-dentiary hearing. The appellant, in his pro se brief filed in addition to the brief submitted by his assistant public defender, raises a claim that we cannot address because it was not first presented to the trial court, i.e., that his post-conviction counsel was ineffective in the proceedings on review. This affirmance is, therefore, without prejudice to the appellant filing a petition for writ of habeas corpus in the circuit court pursuant to rule 3.850(h)[2] as to this matter. Cf. Lambrix v. State, 559 So.2d 1137 (Fla.1990) (affirming trial court’s denial of writ of habeas corpus on claim of ineffectiveness of postconviction counsel).[3]
PATTERSON, C.J., and CASANUEYA and SALCINES, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Florida Rule of Criminal Procedure 3.850(h) provides:
Habeas Corpus. An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant’s detention.

. In this 1990 case the supreme court cautioned that it found it unnecessary to address the right to effective assistance of counsel in collateral relief proceedings, Lambrix, 559 So.2d at 1138, despite the fact that it was reviewing a trial's court's denial of such ineffectiveness of postconviction counsel claim upon a petition for writ of habeas corpus. Mr. Lambrix subsequently filed other appeals raising other issues not relevant to the issue addressed here, but in one of which the supreme court took the opportunity to say: ''[C]laims of ineffective assistance of postcon-viction counsel do not present a valid basis for relief.” Lambrix v. State, 698 So.2d 247, 248 (Fla.1996). However, the 1996 holding in Lambrix has recently been called into question in Steele v. Kehoe, 747 So.2d 931 (Fla.1999). See Williams v. State, - So.2d -, 1999 WL 638523 (Fla. 2d DCA Aug.20, 1999) (certifying a question about the continued viability of the 1996 Lambrix decision in light of the opinion in Steele v. Kehoe).