778 So.2d 302 (2000)
Jack Leon DEMARIA, Appellant,
v.
STATE of Florida, Appellee.
No. 99-02314.
District Court of Appeal of Florida, Second District.
January 5, 2000.
Jack Leon Demaria, pro se.
No appearance required for Appellee.
PER CURIAM.
Jack Leon Demaria has filed a motion with this court seeking leave to file a belated appeal from the trial court's order granting, in part, and denying, in part, his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. Demaria's trial counsel admits that he received the order denying the motion to correct illegal sentence within thirty days of its rendition, but failed to file the notice of appeal within that time frame, despite Demaria's timely request that he do so.
Demaria asserts that, under State v. Trowell, 739 So.2d 77 (Fla.1999), he is entitled to a belated appeal. He quotes that portion of Trowell which states that an "appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so." Id. at 81. We find Trowell to be distinguishable from this case. Trowell involved a direct appeal from a guilty plea. It did not involve an appeal from the denial of a postconviction motion, as this case does.
In Diaz v. State, 724 So.2d 595, 596 (Fla. 2d DCA 1998), this court held that the Supreme Court of Florida's decision in Lambrix v. State, 698 So.2d 247 (Fla.1996), mandated that a defendant be afforded no relief in the form of a belated appeal based on counsel's failure to file a notice of appeal from the denial of a postconviction motion upon timely request by a defendant. We accordingly are required, under Lambrix and Diaz, to deny Demaria's motion for leave to file a belated appeal and to dismiss his appeal as having been untimely filed.
In reaching this result, we recognize that, in Steele v. Kehoe, 747 So.2d 931 (Fla.1999), the supreme court held that when a convicted defendant alleges that his or her counsel agreed to file a postconviction motion on the defendant's behalf in the trial court, pursuant to Florida Rule of Criminal Procedure 3.850, but failed to do so in a timely manner, it is appropriate to order a hearing to determine whether a belated postconviction motion should be permitted. See 747 So.2d at 934. If the *303 defendant prevails at the hearing, he or she is entitled to belatedly file a rule 3.850 motion. See id. The supreme court in Steele further modified rule 3.850(b) to expressly provide an exception to the two-year filing requirement for a rule 3.850 motion if the defendant alleges that he or she retained counsel to timely file such a motion and counsel, through neglect, failed to do so. See id. at 934-35.
Although the supreme court in Steele did not address the issue of whether an appellant can maintain a belated appeal under either rule 3.850 or rule 3.800 due to counsel's neglect,[1] we have doubt about the continued vitality of Lambrix and Diaz, in light of Steele. If a defendant potentially can file a belated rule 3.850 motion in the trial court due to counsel's neglect, it should follow that the defendant can file a belated appeal of the trial court's denial of a rule 3.850 or rule 3.800 motion due to counsel's neglect. That, however, is precisely what Lambrix and Diaz preclude. We are accordingly constrained to dismiss this appeal as untimely filed based on those authorities.
We nevertheless certify to the supreme court the same question that we certified in Diaz, with the following modifications:
DOES THE HOLDING IN LAMBRIX V. STATE, 698 So.2d 247 (Fla.1996), WHEN CONSIDERED IN LIGHT OF THE SUPREME COURT OF FLORIDA'S PRONOUNCEMENT IN STEELE V. KEHOE, 24 FLA. L. WEEKLY S237[, 747 So.2d 931] (FLA. MAY 27, 1999), FORECLOSE THE PROVISION OF A BELATED APPEAL FROM THE DENIAL OF A POSTCONVICTION MOTION WHEN THE NOTICE OF APPEAL WAS NOT TIMELY FILED DUE TO THE INEFFECTIVENESS OF COUNSEL IN THE COLLATERAL PROCEEDING?
Motion for leave to file belated appeal denied; appeal dismissed.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.
NOTES
[1] Although the supreme court stated in Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999), that there was a need to amend Florida Rule of Criminal Procedure 3.850(b) by adding a provision to allow a belated "appeal," we believe the reference to belated "appeal," as opposed to belated "motion," was unintended because clearly the rule amendment itself addresses only belated motions filed in the trial court.