777 So.2d 947 (2000)
Lynwood WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
Albert Rogers, Petitioner,
v.
State of Florida, Respondent.
Nos. SC96546, SC00-258.
Supreme Court of Florida.
November 22, 2000.
Rehearing Denied February 2, 2001.
*948 Loren D. Rhoton of Rhoton & Hayman, P.A., Tampa, Florida, for Petitioners.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Patricia A. McCarthy, Assistant Attorney General, Tampa, Florida, for Respondent.
SHAW, J.
We have for review two decisions presenting the following question certified to be of great public importance:
Does the holding in Lambrix v. State, 698 So.2d 247 (Fla.1996),[[1]] when considered in light of the Supreme Court of Florida's pronouncement in Steele v. Kehoe, 747 So.2d 931 (Fla.1999), foreclose the provision of a belated appeal from the denial of a postconviction motion when the notice of appeal was not timely filed due to ineffectiveness of counsel in the collateral proceeding?
Williams v. State, 763 So.2d 1069, 1070 (Fla. 2d DCA 1999); Rogers v. State, 752 So.2d 657, 657 (Fla. 2d DCA 2000). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question *949 in the negative, holding the issue governed by our decision in Steele.
The petitioners seek leave to file belated appeals from the denial of their motions for postconviction relief under Florida Rule of Criminal Procedure 3.850.

Williams
Petitioner Williams was convicted of first-degree murder on March 6, 1996. The Second District affirmed Williams' conviction and sentence on October 24, 1997. See Williams v. State, 701 So.2d 878 (Fla. 2d DCA 1997).
On May 13, 1998, Williams filed his initial 3.850 motion. The circuit court held an evidentiary hearing and denied relief on February 17, 1999. Williams, through his counsel, filed an untimely notice of appeal with the circuit court on March 22, 1999. The Second District directed Williams to show cause as to why his appeal should not be dismissed as untimely. In response, Williams moved for leave to file a belated appeal. In that motion Williams' attorney indicated that Williams asked him to file a notice of appeal should the postconviction motion be denied, but he failed to do so over confusion as to the date of the trial court's order denying the postconviction motion. The district court denied the motion for belated appeal.
Following this Court's decision in Steele v. Kehoe, 747 So.2d 931 (Fla.1999), Williams filed an amended motion for rehearing claiming that he was entitled to a belated appeal under Steele. The Second District, expressing doubt over the continued validity of Diaz[2] and Lambrix in light of Steele, granted Williams' amended motion for rehearing and certified the instant question.

Rogers
Albert Rogers was convicted of two counts of robbery and one count of burglary with a battery on November 4, 1984. Rogers' sentence and conviction were affirmed by the Second District without opinion on July 26, 1996. See Rogers v. State, 678 So.2d 343 (Fla. 2d DCA 1996).
Thereafter, Rogers retained counsel and filed a 3.850 motion for postconviction relief. That motion was summarily denied by the circuit court on December 9, 1998. Rogers did not appeal the denial of his postconviction motion.
On October 8, 1999, Rogers filed a habeas petition pro se with the Second District claiming that he wanted to appeal the denial of his postconviction motion but was not properly advised by postconviction counsel as to the manner to do so. Rogers further claimed that he timely notified his attorney of his desire to appeal but counsel informed him that he should waive the appeal despite counsel's belief that the trial court's ruling was improper.
The Second District, on rehearing, denied Rogers' habeas petition and certified the identical question it certified in Williams. See Rogers v. State, 752 So.2d 657 (Fla. 2d DCA 2000).

*950 Steele v. Kehoe

In Steele the petitioner claimed that his privately retained counsel orally agreed to file a motion for postconviction relief but failed to do so in a timely manner. We held that "due process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner." Steele, 747 So.2d at 934. The State argues that those same due process concerns do not pertain where the petitioners have had the opportunity to raise their claims in the trial court in an original motion for postconviction relief. See Steele v. Kehoe, 724 So.2d 1192, 1197 (Fla. 5th DCA 1998) (Sharp, J. concurring specially) ("Unlike the present case, Lambrix had an opportunity to file a motion for post-conviction relief. In contrast, Steele's counsel frustrated his intention to file postconviction relief proceedings.") approved, 747 So.2d 931 (Fla.1999). We disagree.
We find the State's attempt to distinguish Steele unavailing: "If a defendant potentially can file a belated rule 3.850 motion due to counsel's neglect, it should follow that the defendant can file a belated appeal of the trial court's denial of a rule 3.850 or rule 3.800 motion due to counsel's neglect." Demaria v. State, 778 So.2d 302 (Fla. 2d DCA) review granted, 761 So.2d 328 (Fla.2000). As this Court stated in State v. Weeks, 166 So.2d 892, 896 (Fla.1964), and reiterated in Steele, "[postconviction] remedies are subject to the more flexible standards of due process announced in the Fifth Amendment, Constitution of the United States." We conclude that those same flexible standards of due process which compelled our decision in Steele prevail where a defendant has timely requested counsel to file an appeal from the denial of a 3.850 motion and counsel fails to do so.
Consistent with our determination in Steele, we hold that the appropriate procedure in these cases is for the defendant to file a petition for a writ of habeas corpus. As we noted in Steele, such a procedure is accommodated by the final clause of rule 3.850(h), which provides:
(h) Habeas Corpus. An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.

(emphasis added). See Steele, 747 So.2d at 934; see also Medrano v. State, 748 So.2d 986, 987 (Fla.1999) ("[U]nder Steele, a defendant... must petition the court for a writ of habeas corpus citing the failure of counsel to timely file the necessary pleadings after being asked to do so by the defendant. Thereafter, the court, will conduct a hearing on the merits of the claim that counsel agreed to file a 3.850 motion, but failed to timely do so.").
This case also creates the need to amend rule 3.850(g) by adding a provision to allow a belated appeal in this circumstance, similar to our amendment of rule 3.850(b) in Steele,[3] and to that provided under Florida Rule of Appellate Procedure *951 9.140(j).[4] This amendment to rule 3.850(g) will be published in a companion opinion. See Amendment to Florida Rule of Criminal Procedure 3.850(g), No. SC00-1452, ___ So.2d ___, 2000 WL 1726772 (Fla. Nov. 22, 2000).
Accordingly, we answer the certified question in the negative and quash the Second District's decisions in Williams and Rogers.
It is so ordered.
ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
HARDING, J., concurs in result only with an opinion, in which WELLS, C.J., concurs.
WELLS, C.J., concurs in part and dissents in part with an opinion.
HARDING, J., concurring in result only.
I would decline to answer the certified question in light of this Court's adoption of Florida Rule of Criminal Procedure 3.850(g). I would apply this rule to these defendants.
WELLS, C.J., concurs.
WELLS, C.J., concurring in part and dissenting in part.
I concur in result only in allowing the belated appeals.
I do not agree with the reasoning of the opinion for the reason stated in Steele v. Kehoe, 747 So.2d 931 (Fla.1999), that it is illogical and in conflict with Lambrix v. State, 698 So.2d 247 (Fla.1996), to allow the belated appeals on the basis of due process. Rather, I would adopt Florida Rule of Criminal Procedure 3.850(g) and make it applicable to these defendants.
NOTES
[1] In Lambrix, this Court used the following language in rejecting an ineffectiveness claim based on the failure of postconviction counsel to raise an issue on appeal from the denial of a rule 3.850 motion: "[C]laims of ineffective assistance of postconviction counsel do not present a valid basis for relief." Lambrix, 698 So.2d at 248.
[2] In Diaz v. State, 724 So.2d 595 (Fla. 2d DCA 1998), the Second District denied a petition for a belated appeal based on a claim that the petitioner's appointed counsel failed to file a notice of appeal, upon his timely request, from a trial court's denial of a 3.850 motion for postconviction relief. The Diaz court held that this Court's language in Lambrix precluded a belated appeal from a postconviction motion based on the alleged ineffectiveness of postconviction counsel. In so holding, the Second District indicated that prior to Lambrix it would have, consistent with the Fifth District's approach, granted relief upon a proper evidentiary showing. See Jones v. State, 642 So.2d 121 (Fla. 5th DCA 1994) (reversing summary denial of 3.850 motion and remanding the case for an evidentiary hearing on petitioner's claim that postconviction counsel was ineffective for failing to file timely notice of appeal as requested and failing to advise petitioner of trial court's order denying his 3.850 motion); McLeod v. State, 586 So.2d 1351 (Fla. 5th DCA 1991) (remanding for evidentiary hearing to determine if petitioner, who claimed he was denied his right to appeal the denial of a 3.850 motion due to ineffectiveness of counsel, was entitled to a belated appeal).
[3] In Steele we amended rule 3.850(b) to include subdivision (3). See Steele, 747 So.2d at 934. The amended rule provides:

(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(3) The defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.
[4] Florida Rule of Appellate Procedure 9.140(j) provides in pertinent part:

(j) Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel.
. . . .
(2) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts ...
(F) the specific facts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.