PER CURIAM.
In accordance with our decision in Williams v. State, 111 So.2d 947 (Fla.2000), extending our holding in Steele v. Kehoe, 747 So.2d 931 (Fla.1999), to allow the filing of a belated appeal from the denial of a 3.850 motion where counsel neglects to timely file an appeal despite a timely request by the petitioner, we hereby amend rule 3.850(g) to include the following additional language (the new language is indicated by underlining):
(g) Appeal; Rehearing; Service on Movant. An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order. A petitioner may seek a belated appeal upon the allegation that the petitioner timely requested counsel to appeal the order denying petitioner’s motion for postconviction relief and counsel, through neglect, failed to do so. The movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of service of the order. The clerk of the court shall promptly serve on the movant a copy of any order denying a motion for postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
This provision shall become effective immediately upon the filing of this opinion. We direct that this rule amendment be published in the next edition of The Florida Bar News. Any interested person may file a comment with the Court on or before January 15, 2001.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.