ORDER ON REMAND FROM THE SUPREME COURT OF FLORIDA

This court dismissed Jack Leon Demaria’s appeal as untimely, Demaria v. State, 778 So.2d 302 (Fla. 2d DCA 2000), and in so doing certified to the Supreme Court of Florida a question regarding the propriety of granting a belated appeal from an order denying a postconviction motion when the notice was untimely filed due to counsel’s neglect. The supreme court quashed this court’s dismissal, Demaria v. State, 777 So.2d 975 (Fla.2001), and remanded the matter to this court for further proceedings consistent with the supreme court’s decision in Williams v. State, 777 So.2d 947 (Fla.2000).
*445 Demaria’s counsel in Ms postcon-viction proceeding, as is evident from the face of the notice of appeal, delayed about two weeks in filing the notice after its preparation, resulting in an untimely filing. Williams mandates that the client should not suffer the consequences of counsel’s neglect under these circumstances and that the client is entitled to a belated appeal if it is established that an untimely filing of the notice to review the postcon-viction order was occasioned through no fault of the criminal defendant. In Williams the supreme court adopted a procedure whereby aggrieved defendants may seek relief by filing a petition for writ of habeas corpus in the trial court, and the court as well adopted a change to Florida Rule of Criminal Procedure 3.850(g) that referenced the availability of this relief. Amendment to Florida Rule of Criminal Procedure 3.850(g), 789 So.2d 262 (Fla.2000).
Demaria’s current attorney, who was not responsible for the late filing of the notice of appeal, argues that this court also has jurisdiction to grant belated appeals from orders denying postconviction relief when counsel’s neglect caused the tardy filing of the notice. While the supreme court in Williams did not explicitly address this issue, we believe that Florida Rule of Appellate Procedure 9.141(c), the vehicle approved by the supreme court for those seeking belated appeals in all other criminal contexts, confers jurisdiction upon district courts to grant belated appeals in cases such as Demaria’s.
Since the adoption of rule 9.141(c) (formerly rule 9.140(j)) over four years ago, this court has on occasion deemed judgment and sentence appeals timely with late-filed notices by attorneys within the context of the criminal appellate ease itself without resort to the need for an additional original proceeding under rule 9.141(c). This practice has been confined to those cases where the facts are undisputed and the appellant observes all the formalities of rule 9.141(c) in moving this court to treat the appeal as timely filed within the appeal set up from the untimely notice of appeal.
In Demaria’s case, the facts are not in dispute, and under Williams there is no question that he is entitled to have his postconviction appeal heard on its merits. Accordingly, we reinstate Demaria’s appeal and deem it to have been timely filed based upon the authority conferred on this court by rule 9.141(c). Demaria’s appellate counsel shall file the imtial brief within thirty days.
BLUE, A.C.J., and FULMER and DAVIS, JJ., concur.