803 So.2d 797 (2001)
Phillip SWAIM, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-2636.
District Court of Appeal of Florida, Fifth District.
December 7, 2001.
Rehearing Denied January 9, 2002.
Baya Harrison, Monticello, for Petitioner.
*798 Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
ORFINGER, R.B., J.
In Williams v. State, 777 So.2d 947 (Fla. 2000), the supreme court held that a defendant may seek a belated appeal from an order denying a motion for postconviction relief when the notice of appeal was untimely filed due to counsel's neglect. The question we now consider is whether a petition seeking such a belated appeal should be filed in the trial court or in the appellate court.
We begin our analysis by considering Florida Rule of Appellate Procedure 9.141(c)(2), which provides that "[p]etitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken." (emphasis added). This rule deals generally with the topic of belated criminal appeals and, if read in isolation, would lead to the conclusion that a person seeking the belated appeal of an order denying postconviction relief due to counsel's neglect should file a petition in the appellate court.
The confusion arises however, when we consider Florida Rule of Criminal Procedure 3.850(g), amended by the supreme court as a result of Williams. The rule was amended to include the sentence: "A petitioner may seek a belated appeal upon the allegation that the petitioner timely requested counsel to appeal the order denying petitioner's motion for postconviction relief and counsel, through neglect, failed to do so." See Amendment to Florida Rule of Criminal Procedure 3.850(g), 789 So.2d 262 (Fla.2000). The rules of criminal procedure are designed to govern proceedings in the trial court and not in appellate courts. As a result, by placing the amendment in the Rules of Criminal Procedure, rather than in Florida Rule of Appellate Procedure 9.141(c), legitimate confusion arises regarding the proper forum for the filing of such petitions.
We acknowledge that Williams and the amendment to Rule 3.850(g) could be interpreted to authorize the filing of a motion for a belated postconviction appeal in the trial court, but believe that such an interpretation would be inconsistent with the provisions of Rule 9.141(c) requiring petitions for belated appeals to be filed in the appellate court. See Brigham v. State, 769 So.2d 1100 (Fla. 1st DCA 2000) (holding that the proper remedy to obtain the belated appeal from an underlying proceeding pursuant to a rule of criminal procedure is by petition to the appropriate appellate court pursuant to Rule 9.141).[1] Filing such petitions in the appellate court would also be consistent with the general premise that an appellate court has jurisdiction to determine its own jurisdiction, both as to parties and subject matter.[2]See Griffin v. State, 760 So.2d 205, 207 (Fla. 2d DCA 2000), Sun Ins. Co. v. Boyd, 105 So.2d 574, 575 (Fla.1958).
*799 To allow petitions for belated appeals to be filed in the trial court would result in a lack of uniformity from county to county and circuit to circuit. On the other hand, if such petitions are filed in the appellate court, even though jurisdiction may need to be relinquished to the trial court for an evidentiary hearing, the ultimate decision on appellate jurisdiction would be made by the appellate court and consistent standards would be applied to both belated direct appeals and belated postconviction appeals. To rule otherwise would also allow a trial court to determine the jurisdiction of an appellate court, a procedure inconsistent with both Rule 9.141(c) and the general rule that an appellate court, not a lower court, determines its own jurisdiction. Additionally, allowing petitions for belated appeals to be filed in the trial court would produce additional appeals. The party unhappy with the trial court's decision to allow or deny a belated appeal could appeal that decision to the appellate court. That would be an unproductive use of judicial resources. Accordingly, we hold that a petition seeking a belated appeal of an order denying postconviction relief should be filed in the appropriate appellate court in accordance with Rule 9.141(c).
Turning now to the instant case, the State has not disputed the allegations contained in Swaim's petition for belated postconviction appeal filed with this court.[3] Accordingly, this opinion shall be treated as a timely notice of appeal.
PETITION GRANTED.
THOMPSON, C.J. and COBB, J., concur.
NOTES
[1] Formerly Rule 9.140. We note that Brigham was published prior to the amendment to Rule 3.850(g).
[2] In Williams, the supreme court said its ruling was governed by its holding in Steele v. Kehoe, 747 So.2d 931 (Fla.1999). In Steele the supreme court held that when a prisoner claims that his attorney agreed to file a postconviction motion, but failed to do so in a timely manner, the matter should be presented to the trial court in a petition for writ of habeas corpus. See also Fla. R.Crim. P. 3.850(b)(3). The filing of such a petition in the trial court is consistent with the general view that subject to appropriate appellate review, a court has jurisdiction to determine its own jurisdiction. In such a case, the trial court is determining its own jurisdiction to hear a belated Rule 3.850 motion, an original proceeding in the trial court.
[3] Swaim's appellate counsel was not his original postconviction counsel.