642 So.2d 121 (1994)
Tommy JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1455.
District Court of Appeal of Florida, Fifth District.
September 9, 1994.
*122 Tommy Jones, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order summarily denying a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant filed a previous 3.850 motion and a public defender was appointed to represent him. After an evidentiary hearing, the lower court denied relief. The present 3.850 motion claims that state action frustrated appellant's right to appeal the order denying his prior postconviction motion. Appellant asserts the clerk of court did not serve him individually with a copy of the final order. Appellant filed a petition for writ of mandamus to compel the lower court to rule on his prior 3.850 motion, only to discover that the court had already denied relief.
Appellant also maintains appointed counsel was ineffective because he received a copy of the final order, but did not advise appellant of the ruling. Appellant further alleges that he told appointed counsel at the evidentiary hearing to take an appeal if the judge denied relief.
If counsel is appointed to assist a prisoner in a postconviction proceeding, the prisoner is entitled to effective assistance. See Madden v. State, 535 So.2d 636 (Fla. 5th DCA 1988). Although the present postconviction motion combines ineffective assistance allegations with a state action claim, the trial court should have conducted an evidentiary hearing on the ineffective assistance allegations. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990).
The order denying the prior 3.850 motion directed that both appellant and the public defender's office receive copies, but there was no certificate of service as required by Rule 3.850(g). Without a certificate of service it cannot be presumed that prompt notice of the order denying relief was given. Cf. Farngiamore v. State, 633 So.2d 118 (Fla. 5th DCA 1994); Everett v. Singletary, 603 So.2d 117 (Fla. 4th DCA 1992).
The order denying relief is reversed and the case is remanded for an evidentiary hearing to determine (1) whether appellant timely advised counsel to take an appeal, and (2) whether appellant failed to receive prompt notice of the final order, and if so, whether this omission was attributable to counsel or his office.
REVERSED and REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.