DAVIS, Judge.
Harry Glenn Newman, III, timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied Newman’s amended motion as successive because Newman voluntarily dismissed these claims with prejudice. Because the trial court failed to rule on Newman’s motion challenging the validity of his voluntary dismissal, we reverse.
Newman timely filed a pro se motion for postconviction relief raising four claims. The trial court appointed counsel, ordered a response by the State, and then set an evidentiary hearing. At the hearing, defense counsel informed the court that Newman wanted to voluntarily dismiss the claims in this motion, reserving the right to timely file additional claims. The trial court placed Newman under oath and verified that Newman was, in effect, taking a dismissal with prejudice as to the claims in the pending motion. The trial court then dismissed the motion “without prejudice to refile any additional motion for postconviction relief not contained in the present motion.”
Subsequently, Newman filed a pro se motion to reinstate his rule 3.850 motion. This motion to reinstate was filed within the two-year period for seeking postconviction relief. It alleged a conflict of interest with, and improper conduct by, his appointed postconviction counsel. Newman received new appointed counsel, and the new counsel filed an amended motion for postconviction relief raising three of the four original claims. In the order on appeal, the trial court denied the amended motion as successive, finding that the claims had been previously adjudicated on the merits. We conclude that the trial court erred by ruling on the amended motion without first ruling on the motion to reinstate. “Courts should have ‘a judicious regard for the constitutional rights of criminal defendants’ when dealing with pro se motions.” Clark v. State, 491 So.2d 545, 546 (Fla.1986) (reversing summary denial of postconviction relief when defendant had sought to withdraw motion after counsel was appointed; trial court erred in failing to rule on motion to withdraw before ruling on motion itself) (quoting Pitts v. State, 158 So.2d 763, 765 (Fla. 2d DCA 1963)). See also United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir.2001) (recognizing defendant’s right to waive postconviction proceedings as part of a plea bargain, but noting that such a waiver would not preclude a challenge to the validity of either the plea or the waiver).
In this case, Newman’s motion to reinstate challenged the actions of his postconviction counsel in the waiver process. Thus, the motion attacked the validity of the waiver itself and the effectiveness of his postconviction counsel. When a defendant receives the assistance of postcon-viction counsel, the defendant is entitled to effective assistance. See Jones v. State, 642 So.2d 121 (Fla. 5th DCA 1994). As in Jones, we reverse and remand for the trial court to conduct an evidentiary hearing on Newman’s motion to reinstate. Following such hearing, if the trial court determines that Newman validly waived these post-conviction claims, it may again deny the motion. Otherwise, the trial court shall grant Newman’s motion to reinstate and shall, proceed with determining his right to relief under rule 3.850.
Reversed and remanded for further proceedings.
BLUE, A.C.J., and FULMER, J„ concur.