906 So.2d 1230 (2005)
Dwight D. DUBOSE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5104.
District Court of Appeal of Florida, Second District.
July 22, 2005.
PER CURIAM.
Dwight D. Dubose appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the trial court's dismissal of his motion for rehearing. Because we are unable to determine whether Dubose's motion for rehearing was timely filed, we reverse and remand for further proceedings.
The trial court's order denying DuBose's rule 3.850 motion was rendered on July 26, 2004. On August 24, 2004, Dubose filed a motion for rehearing which the trial court dismissed as untimely.[1] In its order of dismissal, the trial court cites to rule 3.850(g) and correctly states that a motion for rehearing must be filed "within 15 days of the date of service of the order." However, the trial court concludes that Dubose's motion for rehearing was untimely because "[a] review of the record reflects that the final Order was entered on July 26, 2004."
It appears that the trial court calculated the fifteen day period for seeking rehearing from the date of rendition rather than the date of service of the order as required by the rule. The record reflects that the order rendered on July 26, 2004, contains no certificate of service. Nor is there any other record evidence that the order was served on Dubose by the clerk of court as required by rule 3.850(g). Therefore, we are unable to determine whether Dubose's motion for rehearing was in fact untimely. See Jones v. State, 642 So.2d 121, 122 (Fla. 5th DCA 1994) ("Without a certificate of service it cannot be presumed that prompt notice of the order denying relief was given.")
If Dubose's motion for rehearing was timely filed, then the time to file the appeal of his rule 3.850 motion was tolled by Florida Rule of Appellate Procedure 9.020(i). Because the trial court calculated the rehearing period from the date of rendition rather than the date of service of the order, and because the timeliness of Dubose's motion for rehearing cannot be determined from the record, we reverse the trial court's order dismissing Dubose's motion for rehearing. On remand, the trial court shall either attach record evidence establishing the untimeliness of the motion for rehearing and once again deny *1231 the motion as untimely or consider the motion on its merits.
Reversed and remanded.
FULMER, C.J., and CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] The trial court's order states that Dubose filed his motion for rehearing on August 31, 2004. However, his motion was delivered to prison officials for mailing on August 24, 2004. See Pagan v. State, 899 So.2d 1203 (Fla. 2d DCA 2005).