ORDER ON RESPONSE TO SHOW CAUSE

PER CURIAM.
Appellant seeks review of an order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.853. Because it appeared that Appellant’s notice of appeal was untimely filed, this court issued an order directing Appellant to show cause why the appeal should not be dismissed. For the reasons expressed below, we discharge the September 12, 2006, show cause order and direct the State to show cause within 10 days of the date of this order why the appeal should not be allowed to proceed.
The order on appeal was filed by the clerk of the circuit court on March 9, 2006; however, the order contains no indication of the date of service, as required by Florida Rule of Criminal Procedure 3.853(e), which permits the movant to file a motion for rehearing within 15 days of the date of service of an order denying a 3.853 motion for postconviction relief. See also Fla. R.Crim. P. 3.800(b)(1)(B); 3.850(g). Consequently, when an order fails to certify the date of service, courts are unable to determine whether the motion for rehearing was timely filed, thus delaying rendition of the order for the purpose of timely filing an appeal.
The Fifth District addressed a similar problem in Jones v. State, 642 So.2d 121 (Fla. 5th DCA 1994), wherein the appellant argued that, because he had never been served with the order denying his 3.850 motion, his right to appeal had been frustrated by State action. The court noted that “without a certificate of service, it cannot be presumed that prompt notice of the order denying relief was given,” and remanded the case to the lower tribunal for an evidentiary hearing to determine, among other things, whether the appellant failed to receive prompt notice of the denial of his 3.850 motion. See id. at 122; Dubose v. State, 906 So.2d 1230 (Fla. 2d DCA 2005) (reversing dismissal of motion for rehearing where order did not contain certificate of service and there was no other record evidence indicating order had been served, as required by rule 3.850(g)); cf. Ortiz v. Moore, 741 So.2d 1153 (Fla. 1st DCA 1999) (remanding cause to circuit court to determine date of rendition where DOC order disposing of inmate grievance did not bear date stamp or any other indication of order’s rendition date).
Although we considered the utility of remanding this case for an evidentiary hearing to determine the date of actual service of the order denying Appellant’s motion, we are doubtful that such an exercise would be fruitful under these circumstances. We, therefore, hold that where the timeliness of the 3.800, 3.850, or 3.853 *1201 appeal cannot be determined due to the order on appeal lacking a date of service, this court will presume that the motion for rehearing was timely filed. The State, however, shall be given the opportunity to rebut that presumption by presenting evidence that the motion for rehearing was in fact not timely filed.
Accordingly, Appellee shall show cause within 10 days from the date hereof why this appeal should not be considered timely filed. Appellant shall have 10 days from service of Appellee’s response to reply.
ALLEN, WEBSTER and THOMAS, JJ., concur.