NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CORINTHIAN LONG,                        )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D14-5815
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed October 14, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

PER CURIAM.

Corinthian Long appeals the final order denying his motion filed under

Florida Rule of Criminal Procedure 3.850.  We reverse and remand for further

proceedings because we are unable to determine whether Long's motion for rehearing

was timely filed and whether this court has jurisdiction to hear the merits of Long's

appeal.

On October 17, 2014, the postconviction court rendered the final order

denying Long's rule 3.850 motion.  On November 6, 2014, Long filed his motion for

rehearing by placing it in prison officials' hands.  See Fla. R. App. P. 9.420(a)(2)(A).

The postconviction court dismissed the motion as untimely, noting that a motion for rehearing must be filed within fifteen days of service of the final order. See Fla. R. Crim. P. 3.850(j). Long then filed a notice of appeal on November 24, 2014.

Although the postconviction court correctly cited rule 3.850(j), it did not state the date the final order was served on Long. Indeed, the final order does not contain a certificate of service as required by rule 3.850(i). The court also did not acknowledge that because the final order was mailed to Long, under Florida Rule of Criminal Procedure 3.070 he had an extra three days to file his motion.

In Dubose v. State, 906 So. 2d 1230, 1230 (Fla. 2d DCA 2005), the postconviction court also correctly cited rule 3.850(j) but then found the motion for rehearing to be untimely based on the date the final order was entered rather than on the date it was served. Because the final order did not contain a certificate of service and there was no other record evidence that the order was served on Dubose by the clerk as required by rule 3.850(j), this court could not determine if the motion for rehearing was timely filed and if it had jurisdiction to hear his appeal. See id.; see also Fla. R. App. P. 9.020(i)(1) (providing that timely motions for rehearing suspend rendition of the final order until the filing of a signed, written order disposing of the motion).

As in Dubose, we reverse and remand to the postconviction court to "either attach record evidence establishing the untimeliness of the motion for rehearing and once again deny the motion as untimely or consider the motion on its merits." 906 So. 2d at 1230-31.

Reversed and remanded.

SILBERMAN, CRENSHAW, and BLACK, JJ., Concur.

- 2 -