[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15280

_____

D.C. Docket No. 2:13-cv-00400-JES-MRM

JOSE CANTU,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 5, 2019)

Before JORDAN, GRANT, and DUBINA, Circuit Judges.

PER CURIAM:

Jose Cantu pleaded no contest to trafficking cocaine. He then moved for

state postconviction relief, but before the state court could rule on his motion, he

voluntarily withdrew it based on the advice of his attorney. Cantu later learned

that his attorney had misguided him, so he wrote a letter asking the state court to reinstate his motion for postconviction relief. The court denied that motion months later. Cantu then filed a federal petition for a writ of habeas corpus, which the district court dismissed as untimely. In doing so, the court determined that Cantu's letter seeking reinstatement of his state-habeas motion did not toll the one-year limitation period for filing a federal-habeas petition, as set forth in the Antiterrorism and Effective Death Penalty Act. After careful review, and with the benefit of oral argument, we affirm.

## I.

After pleading no contest to one count of trafficking cocaine, Cantu filed a state motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel. But on the day of the evidentiary hearing (which followed an initial denial of the Rule 3.850 motion from the trial court and then reversal and remand from a state intermediate appellate court), Cantu voluntarily dismissed his motion.

A few weeks later, Cantu filed a letter asking the state court to reinstate his previously withdrawn motion. Cantu explained that he stopped pursuing state-habeas relief because his attorney advised that if the state court granted relief, he would risk losing his credit for time served—which, Cantu later came to find out, was not true. The state court did not rule on the letter for several months, so Cantu

2

petitioned for a belated appeal to a state intermediate appellate court. The appellate court, in turn, transferred the petition back to the trial court with instructions to treat the letter as a motion to reinstate the Rule 3.850 motion. The trial court then declined to reinstate the motion, and the state appellate court affirmed.

Next, Cantu filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. A district court dismissed the petition as untimely, concluding that the one-year statute of limitations did not stop when Cantu filed the letter seeking reinstatement of his state-habeas petition. *Cantu v. Florida*, No. 2:13-cv-400-FtM-29MRM, 2016 WL 2866519, at *3 (M.D. Fla. May 17, 2016).

We granted a certificate of appealability on the issue whether "Cantu's July 2011 letter to the state post-conviction court seeking reinstatement of his Fla. R. Crim. P. 3.850 motion was a properly filed tolling motion."

## II.

"We review *de novo* a dismissal of a petition for a writ of habeas corpus as untimely." *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1139–40 (11th Cir. 2015).

## III.

AEDPA contains a "1-year period of limitation" to file a habeas petition for a person in custody due to a state-court judgment. 28 U.S.C. § 2244(d)(1). That

statute of limitations tolls for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, the parties do not dispute that the one-year AEDPA clock was tolled from the time that Cantu filed his Rule 3.850 motion until he voluntarily dismissed that motion. The only dispute is whether Cantu's letter asking the state court to reinstate his Rule 3.850 again paused the clock. If it did, then Cantu timely filed his § 2254 petition. But if not, Cantu's petition was too late.

We hold that Cantu's letter seeking reinstatement of his Rule 3.850 motion does not constitute an "application for State post-conviction or other collateral review" and therefore cannot toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). Allow us to explain. We have previously said that by "definition, the defining factor of an application for review is that it seeks review" of the underlying criminal conviction or sentence. *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004). Put another way, a tolling motion "must attack collaterally the relevant conviction or sentence." *Id.* (quoting *Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003)). The Supreme Court has also said that such filings will generally involve "direct requests for judicial review of a judgment." *Wall v. Kholi*, 562 U.S. 545, 556 n.4 (2011).

Cantu's letter does not ask the state court to reexamine his sentence or

conviction; nor does it contain any allegations that his conviction or sentence were illegal.  The letter does not even incorporate the arguments made in the Rule 3.850 motion or assert that they have merit.  Instead, it simply asserts that Cantu withdrew his motion in reliance on the faulty advice of his attorney.  So the letter "attacked the validity of the waiver itself and the effectiveness of his postconviction counsel"—not the legality of his conviction or sentence.  *Newman v. State*, 782 So. 2d 925, 926 (Fla. Dist. Ct. App. 2001).

Thus, Cantu's letter seeking reinstatement of his Rule 3.850 motion does "not actually request relief from the court from" his conviction or sentence.  *Sibley*, 377 F.3d at 1200.  It therefore cannot qualify as an "application for State post-conviction or other collateral review" that tolls the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2).  Accordingly, the district court did not err in holding that Cantu's § 2254 petition was untimely.

**AFFIRMED.**