PER CURIAM.
Terence R. Davis petitions for writ of ha-beas corpus for belated appeal from the order, dated May 5, 1997, denying his rule 3.850 motion for postconviction relief. We reject his contention that, as an unknow-ledgeable layman, he did not “know” he had thirty days in which to appeal, as the order contained the language so advising him which is required by rule 3.850(g). However, we grant the petition because we find “exceptional circumstances that have rendered the ordinary appellate process unavailable.” Offen v. State, 662 So.2d 742, 742 (Fla. 4th DCA 1995).
Petitioner alleged under oath that his appeal was frustrated by the DOC’s sudden transfer of the certified inmate law clerk who was assigned to handle Petitioner’s legal matters the day after he entrusted the law clerk with all his legal papers, including the order to be appealed, which he did immediately upon receipt of the order in question. Although Petitioner immediately took steps to get his legal papers back, he did not receive them until August 15, 1997, after the time for filing an appeal had run. On August 19, he moved the trial court for a belated appeal; following denial for lack of jurisdiction, he filed the instant petition with this court.
Mere lack of timely access to a law library does not entitle a petitioner to a belated appeal, see Jordan v. State, 549 So.2d 805 (Fla. 1st DCA 1989), and thus lack of access to an inmate law clerk likewise should not. However, we view Petitioner’s sudden deprivation of all his legal papers as a result of the Department of Corrections’ transfer to be an exceptional circumstance beyond Petitioner’s control.
Accordingly, the petition for writ of habeas corpus for belated appeal is granted. In accordance with Florida Rule of Appellate Procedure 9.140(j)(5)(D), this opinion shall be filed with the lower tribunal and treated as the notice of appeal for the May 5, 1997, order denying Petitioner’s motion for post- *274 conviction relief under Florida Rule of Criminal Procedure 3.850.
DELL, FARMER and STEVENSON, JJ., concur.