773 So.2d 1167 (2000)
Kevan L. GILES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2206.
District Court of Appeal of Florida, Second District.
November 15, 2000.
BLUE, Judge.
Kevan L. Giles appeals the denial of his pro se motion for an extension of time to file a postconviction relief motion pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Giles sought the extension of time based on allegations that his inmate law clerk[1] was placed in administrative detention and the legal documents at his work station confiscated, including Mr. Giles' postconviction motion. Finding no basis within the criminal procedure rules for granting an extension, the trial court properly denied the request. Thus, we affirm. We write because the relief sought might have been available to a defendant with the financial resources to retain counsel. We are concerned about the equal protection ramifications when the rules provide for disparate treatment of indigent defendants. Rule 3.850(b)(3) sets forth one of the exceptions to the two-year time limitation, in noncapital cases, for filing a motion, to wit: "the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion." This exception was adopted by the supreme court in Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999) (holding that "due process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner" and, if successful at the habeas corpus hearing, a prisoner is entitled to belatedly file a rule 3.850 motion).[2]
*1168 We are aware of the established precedent that defendants are not entitled to assistance of counsel in seeking postconviction relief. But see Graham v. State, 372 So.2d 1363 (Fla.1979) (holding that due process dictates appointment of counsel in certain postconviction proceedings). We have serious reservations that the administrative detention of an inmate law clerk would meet the standard of neglect set forth in the rule. But we can conceive of a situation where an illiterate defendant, who cannot afford an attorney and necessarily relies on an inmate law clerk, would lose the right to seek postconviction relief while a similar defendant with retained counsel would not.[3]
Two cases from the Fourth District merit discussion on this issue. First, in Haynes v. State, 757 So.2d 517 (Fla. 4th DCA 2000), the court refused to extend the Steele exception to an inmate who relied on a nonlawyer organization to timely file his rule 3.850 motion. Second, in Davis v. Singletary, 716 So.2d 273 (Fla. 4th DCA 1998), the court granted a belated appeal from an order denying postconviction relief based on the inmate's sworn allegation that he was deprived of his legal papers by the sudden transfer of an inmate law clerk. The Fourth District found that this was an exceptional circumstance beyond the inmate's control and granted habeas relief by affording a belated appeal. We recognize the difference between thirty days in which to file an appeal and two years to file a postconviction motion, but we consider the Davis case significant because relief was granted based on the transfer of an inmate law clerk.
The timeliness exception in rule 3.850(b)(3) appears to provide disparate treatment to defendants based on their financial ability to retain counsel.
The Equal Protection Clause of our state Constitution was framed to address all forms of invidious discrimination under the law, including any persistent disparity in the treatment of rich and poor.... [O]ur clause means just what it says: Each Florida citizenregardless of financial meansstands on equal footing with all others in every court of law through-out our state.
Traylor v. State, 596 So.2d 957, 969 (Fla. 2d DCA 1992).
As noted initially, we are uncertain that the facts in this case would meet a standard of excusable neglect even if such standard did apply. The trial court correctly denied the extension of time for Giles to file a postconviction motion. Accordingly, we affirm. Affirmed.
CAMPBELL, A.C.J., and FULMER, J., Concur.
NOTES
[1] Within the Department of Corrections, there are three classifications of inmates assigned to assist in the law libraries: library clerk, law clerktrainee, and law clerkcertified. See Fla. Admin. Code R. 33-501.301(10). Rule 33-501.301(10) also provides staffing requirements, qualifications and training for inmate law clerks.
[2] As this court has previously noted, the new exception in Florida Rule of Criminal Procedure 3.850(b)(3) appears to create an anomaly because a prisoner is allowed to file a belated motion if retained counsel fails to do so but a prisoner would not be entitled to a belated appeal from the denial of such motion even when the inmate timely requested his or her attorney to file the appeal. See, e.g., Demaria v. State, 25 Fla. L. Weekly D101, ___ So.2d ___, 2000 WL 3950 (Fla. 2d DCA Jan.5, 2000), review granted, 761 So.2d 328 (Fla.2000); Williams v. State, 763 So.2d 1069 (Fla. 2d DCA) (certifying question), review granted, 749 So.2d 504 (Fla.1999).
[3] When an inmate's written request for legal assistance indicates that he or she lacks an understanding of the law or legal research, or indicates that the inmate is functionally illiterate or otherwise impaired, the inmate's request is answered by a personal interview with an inmate law clerk or the librarian. See Fla. Admin. Code R. 33-501.301(3)(b) (inmates in administrative confinement); 33-501.301(4)(b) (inmates in protective management); 33-501.301(5)(f) (inmates in close management); 33-501.301(6)(b) (inmates in disciplinary confinement). Illiterate or impaired inmates are permitted to visit with inmate law clerks during regularly scheduled law clerk visits. See Fla. Admin. Code R. 33-501.301(3)(e),.301(4)(e), .301(5)(i), .301(6)(e).