KLEIN, J.
Appellant seeks review of an order which denied his rule 3.850 motion for post-conviction relief on the ground that it was untimely. Appellant’s motion was due on April 13, 2000, and prior to that date, on April 10, appellant filed a motion for extension of time to file the motion. In his motion for extension he explained that on March 29 he had been transferred to another prison, but that his legal papers remained at his former prison where a law clerk had been assisting him, and he had not yet been able to obtain them. He filed his post-conviction motion on May 15, 2000. We reverse.
Rule 3.050 provides in part:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request therefor is made before the expiration of the period originally prescribed.
In Giles v. State, 773 So.2d 1167 (Fla. 2d DCA 2000), the court affirmed an order denying a motion for extension stating that it found no authority in the rules for granting an extension. We disagree with that decision and conclude that extensions for post-conviction relief motions are permissible. We find support for our decision in Ballester v. State, 781 So.2d 503 (Fla. 3d DCA 2001), in which it was held that a federal prisoner deprived of access to his Florida legal documents was not precluded from filing a late rule 3.850 motion directed to his Florida conviction. See also Jen *117 nings v. State, 583 So.2d 316 (Fla.1991)(ex-tending the time for filing a rule 3.850 motion beyond the two year limitation in order to file a Brady claim).
In Rozier v. State, 603 So.2d 120 (Fla. 5th DCA 1992) a prisoner filed a motion to supplement his timely rule 3.850 motion with an affidavit of a witness stating she had falsely incriminated him. The motion to supplement was filed after the expiration of the two year period, and the trial court denied the motion to supplement because it was not timely. In reversing the court first noted that post-conviction proceedings are technically civil proceedings. Allen v. Butterworth, 756 So.2d 52 (Fla.2000); State v. White, 470 So.2d 1377 (Fla.1985). The court then applied civil rule 1.190(e), which provides:
At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
Rozier, 603 So.2d at 121.
We cite Rozier because we see some similarity between allowing an amendment to a 3.850 motion after the time expires, raising a new substantive issue, and extending the time beyond the two year period for the filing of the entire motion. Where there has been no judicial action nor any prejudice to the state, we see no good reason for inflexible adherence to the two year limit. Although two years should normally be ample, movants are, we must remember, usually incarcerated and without counsel.[1]
We accordingly reverse and remand for further proceedings, which may include an inquiry into whether the facts alleged in the motion for extension are true. We certify conflict with Giles.[2]
SHAHOOD, JJ., concurs.
FARMER, J., concurs specially with opinion.

. Chapter 924, Florida Statutes, was amended in 1996 to provide a two year period of limitations for post-conviction motions. § 924.051(6). The state does not rely on this period of limitations perhaps because it recognizes that it may be an unconstitutional encroachment on the Florida Supreme Court’s exclusive power to "adopt rules for the practice and procedure in all courts.” Art. V, § 2(a), Fla. Const. In Allen v. Butterworth, 756 So.2d 52 (Fla.2000), the Florida Supreme Court held that this constitutional provision grants it the exclusive authority to set deadlines for post-conviction motions.

. Giles, in which the second district found no authority for extensions of time, is consistent with McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998). In McConn, an en banc opinion, the nine judge majority held that a rule 3.850 motion could not be amended with a new ground after the two year period. Judge Blue wrote a dissenting opinion, in which four other judges concurred, urging that such amendments should be allowed. The Florida Supreme Court left this specific issue open in Brown v. State, 596 So.2d 1026 (Fla.1992).