846 So.2d 458 (2003)
STATE of Florida, Petitioner,
v.
Mahlard K. BOYD, Respondent.
No. SC02-26.
Supreme Court of Florida.
April 17, 2003.
*459 Charles J. Crist, Jr., Attorney General, Celia Terenzio, Bureau Chief, West Palm Beach, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
R. Mitchell Prugh of Middleton & Prugh, P.A., Melrose, FL, for Respondent.
CANTERO, J.
We review Boyd v. State, 801 So.2d 116 (Fla. 4th DCA 2001), which certified conflict with Giles v. State, 773 So.2d 1167 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The issue is whether the Florida Rules of Criminal Procedure allow a court to extend the two-year deadline for seeking postconviction relief under rule 3.850. We hold that they do, and therefore approve Boyd, disapprove Giles, and remand for further proceedings consistent with this opinion.

I.
Respondent Mahlard Boyd sought postconviction relief under rule 3.850. The deadline for filing his motion was April 13, 2000. On April 10, he filed a motion for extension of time, explaining that on March 29 he had been transferred to another prison, but his legal papers had remained behind, where a law clerk had been assisting him, and his papers had not yet been forwarded to him. Boyd ultimately filed his postconviction motion on May 15, but the trial court denied it as untimely. Boyd, 801 So.2d at 116. The Fourth District Court of Appeal reversed, holding that Florida Rule of Criminal Procedure 3.050 permits extensions of time for postconviction motions. Boyd, 801 So.2d at 116.

II.
Rule 3.850 requires motions for postconviction relief to be filed within two years from the date the conviction becomes final. The rule also establishes exceptions to the deadline:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
(3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.
While Boyd does not meet any of these exceptions, he argues that due process entitles him to a hearing on whether the State prevented the timely filing of his rule 3.850 motion. We see no reason to decide this case on due process grounds. Cf. State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995) (adhering "to the settled principle of constitutional law that courts should endeavor to implement the legislative intent of statutes and avoid constitutional *460 issues"); Singletary v. State, 322 So.2d 551, 552 (Fla.1975) (warning that "courts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds").
Instead, we find that the plain language of rule 3.050 allows for extensions of the deadline. That rule, entitled "Enlargement of Time," authorizes trial courts to grant extensions of time for filing postconviction motions, providing in part:
When by these rules ... an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request therefor is made before the expiration of the period originally prescribed....
Rule 3.050 expressly authorizes extensions of all time limitations imposed by "these rules"i.e., the Florida Rules of Criminal Procedure. The rule excepts certain types of deadlines (for motions for new trial, notices of appeal, and motions for judgment of acquittal), but not those for motions filed under rule 3.850. Therefore, rule 3.050 allows a court, "for good cause shown," to extend the two-year deadline for filing postconviction motions under rule 3.850. Cf. Abreu v. State, 660 So.2d 703, 705 (Fla.1995) (holding that the 60-day period in rule 3.800(b) may be extended pursuant to rule 3.050).
We emphasize that an extension of time under rule 3.050 is not designed to indefinitely expand the two-year deadline, but only to afford a defendant a short period of extra time to file the motion where good cause is shown. We have defined "good cause," in the context of extensions of time, as follows:
We defined good cause in [In re Estate of ]Goldman [79 So.2d 846 (Fla.1955) ], finding that it is "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice." ...
The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his exercise of discretion will be overruled only upon a showing of abuse.

Dohnal v. Syndicated Offices Systems, 529 So.2d 267, 269 (Fla.1988) (quoting Goldman, 79 So.2d at 848) (citations omitted).
Here, Boyd filed his motion for extension before the two-year deadline expired. Boyd alleged he needed more time to file his rule 3.850 motion because he was transferred to another prison and his legal files had not arrived. Such allegations, if true, may constitute good cause under the rule. Therefore, we find that the trial court erred in summarily denying Boyd's motion as untimely without considering the grounds for the extension. We approve Boyd and disapprove Giles, 773 So.2d at 1167. We remand for further proceedings, which, as the Fourth District said, "may include an inquiry into whether the facts alleged in the motion for extension are true." Boyd, 801 So.2d at 117.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, and QUINCE, JJ., concur.
LEWIS, J., and SHAW, Senior Justice, concur in result only.