907 So.2d 694 (2005)
Kevin PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4000.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
Maury Halperin, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Kevin Parker was convicted of two counts of first degree murder, three counts of armed robbery, four counts of armed kidnapping, one count of attempted armed robbery, and one count of aggravated assault. On direct appeal, this court affirmed his convictions. See Parker v. State, 795 So.2d 1096 (Fla. 4th DCA 2001). On June 19, 2002, the Florida Supreme Court denied review. See Parker v. State, 821 So.2d 299 (Fla.2002). Absent specified exceptions, Florida Rule of Criminal Procedure 3.850(b) required Parker's postconviction relief motion to be filed within two years of June 19, 2002.
*695 On July 19, 2004, after the two-year deadline, Parker's attorney filed a "motion for leave of court to file a belated motion for postconviction relief." As grounds, counsel alleged that Parker's mother contacted him in December, 2003, and was planning on hiring the attorney to pursue postconviction remedies in January, 2004, upon receiving "funds from her sister." In early 2004, Parker's mother died. Parker's sister was supposed to contact the attorney "to pursue the postconviction relief motion" on Parker's behalf. However, the sister did not contact the attorney until "late June, 2004," after the two-year deadline of rule 3.850 had expired.
The trial court denied the motion without a hearing.
Parker relies primarily upon State v. Boyd, 846 So.2d 458 (Fla.2003). There, the supreme court applied Florida Rule of Criminal Procedure 3.050 to allow an extension of time for filing for postconviction relief under rule 3.850. The supreme court applied rule 3.050 even though rule 3.850(b) contained specific provisions concerning extensions of time for rule 3.850 motions. Similarly, in Davis v. State, 887 So.2d 1286 (Fla.2004), the supreme court applied rule 3.050 to allow an extension for filing a motion under rule 3.800(b), another rule that had a specific provision concerning time limitations.
After Boyd and Davis, it appears that rule 3.050 offers a basis for extending the two-year limit of rule 3.850, in addition to the provisions of rule 3.850(b).
Boyd involved a motion to extend a time period that had not yet run. The motion for extension in this case was filed after the two-year limitations period had run. Thus, nothing in Boyd or Davis suggests that rule 3.050(1) applies differently than rule 3.050(2), which applies "after the expiration of" a specified time period. After the two-year filing period for rule 3.850 motions has expired, rule 3.050 allows a trial judge to permit the untimely filing of a motion upon a showing of "good cause," "when the failure to act was the result of excusable neglect." Before the expiration of the two-year limitations period, a defendant must show only "good cause." Boyd 846 So.2d at 460. The supreme court has defined "good cause," in this context as follows:
We have defined good cause in [In re Estate of] Goldman [79 So.2d 846 (Fla.1955)], finding that it is "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice." ...
The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his exercise of discretion will be overruled only upon a showing of abuse.

Dohnal v. Syndicated Offices Sys., 529 So.2d 267, 269 (Fla.1988) (quoting Goldman, 79 So.2d at 848) (citations omitted).
Boyd, 846 So.2d at 460. By requiring a showing of "excusable neglect" in addition to a showing of good cause, rule 3.050 has imposed a more stringent standard on a litigant seeking to extend a time limitation that has expired.
In this case, Parker's July 19 motion for extension failed to present facts that, if true, would have satisfied the good cause/excusable neglect standard. The trial court did not abuse its discretion in denying the motion for extension without a hearing. Here, Parker's family did not retain a lawyer prior to the expiration of *696 the two-year deadline. See Haynes v. State, 757 So.2d 517 (Fla. 4th DCA 2000).
Affirmed.
STONE and KLEIN, JJ., concur.