932 So.2d 1245 (2006)
Dominique AMBROISE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-27.
District Court of Appeal of Florida, Third District.
July 12, 2006.
Dominique Ambroise, in proper person.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
*1246 Before COPE, C.J., and GREEN and CORTIÑAS, JJ.
COPE, C.J.
Dominique Ambroise appeals an order denying his motions for extension of time to file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
Defendant-appellant Ambroise filed two motions for extension of time in which to file his motion for postconviction relief. The first motion was filed before the Rule 3.850 time limit expired,[*] while the second motion (the one now before us) was filed after the Rule 3.850 time limit had expired. The defendant stated that he believed the files of the State Attorney contained exculpatory evidence not previously disclosed. He said that his family had made efforts to obtain the files which had been unsuccessful. He attached to one of the motions a public records request he had made for those documents. He argued that additional time was needed to receive the requested documents and file his motion. The trial court denied both motions. The defendant's appeal of the second motion is timely.
The Florida Supreme Court has held that the time for filing a Rule 3.850 motion may be extended. State v. Boyd, 846 So.2d 458, 460 (Fla.2003); see also Parker v. State, 907 So.2d 694 (Fla. 4th DCA 2005). Denial of such a motion has been treated as an appealable order. See Giles v. State, 773 So.2d 1167 (Fla. 2d DCA 2000), disapproved on other grounds, State v. Boyd, 846 So.2d at 459; Ramos v. State, 727 So.2d 1110 (Fla. 3d DCA 1999).
The trial court denied the motion for extension of time, reasoning that the extension was unnecessary. The trial court's order states, in part, "If exculpatory evidence exists which could not have been obtained with due diligence by Defendant or Counsel, time doesn't matter."
In this case, the defendant requested more time in order to determine whether the State Attorney's file contains exculpatory evidence not previously disclosed to the defendant. Under Rule 3.850, the two-year time limit does not apply if "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence. . . ." Fla. R.Crim. P. 3.850(b)(1).
We conclude that the trial court's ruling was within its discretion.
Affirmed.
NOTES
[*] The State argues that since the defendant did not appeal the judgment, it follows that he had two years to file his Rule 3.850 motion. However, where a judgment is not appealed, the time limit is two years and thirty days. See Ayo v. State, 708 So.2d 692 (Fla. 5th DCA 1998). So calculated, it appears that the first motion for extension of time was filed prior to the expiration of the Rule 3.850 time limit.