965 So.2d 362 (2007)
James A. WHITTEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5708.
District Court of Appeal of Florida, Second District.
September 28, 2007.
*363 SALCINES, Judge.
In this appeal by James Whittey from the summary denial of his motion for post-conviction relief, we affirm the order in all respects. We write only to comment upon the postconviction court's denial of Mr. Whittey's motion to extend the time to file his motion for rehearing.
Mr. Whittey's claims were denied in two orders. The first order partially denied seven of his eight claims as facially insufficient and ordered the State to respond to the remaining claim. After the State's response, the postconviction court entered a final order, with attachments, denying that claim.
Before the time had run for Mr. Whittey to file a motion for rehearing, he filed a motion asking for an extension of time to file his motion for rehearing. Mr. Whittey contended that he was entitled to another opportunity to frame facially sufficient claims but needed additional time because his access to the law library was limited. He specifically alleged that he is required to schedule law library time "via request slip" and that access is limited because the library's capacity is twenty-six people for a penal institution housing approximately thirteen hundred inmates. The postconviction court denied the motion, citing State v. Boyd, 846 So.2d 458 (Fla.2003), for the proposition that extensions of time can be given if the defendant demonstrates good cause; unfortunately, however, Mr. Whittey did not do so.
Florida Rule of Criminal Procedure 3.050 provides that "[w]hen by these rules . . . an act is required or allowed to be done within a specified time, the court for good cause shown may, at any time, in its discretion . . . order the period enlarged. . . ." The Boyd case addressed this rule in the context of the two-year deadline for filing rule 3.850 motions and concluded that it was designed "only to afford a defendant a short period of extra time to file the motion where good cause is shown." 846 So.2d at 460. Good cause is "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not . . . hardship on petitioner." Id. (quoting In re Estate of Goldman, 79 So.2d 846, 848 (Fla.1955)) (emphasis added).
In Daniels v. State, 892 So.2d 526 (Fla. 1st DCA 2004), the First District granted a belated appeal to a petitioner whose timely motion for enlargement of time to move for rehearing was denied more than thirty days after entry of the order denying his motion for postconviction relief. Because of the trial court's dilatory action, Daniels' right to pursue his appeal was defeated. The Daniels court observed that the petitioner's motion for extension of time should have been granted because his reasons for needing additional time stated good cause: the "need to schedule time in the prison library and to obtain the assistance of an inmate law clerk." Id. at 527. In this case, Mr. Whittey cited Daniels and similarly alleged a need to schedule law library time, but he did not state that he needed the assistance of a law clerk. Furthermore, Mr. Whittey has not lost his appellate rights by virtue of the postconviction court's denial of his motion.
*364 Under rule 3.050, the postconviction court has discretion to act in matters of this kind, a concept that the Daniels court did not address. Here, the postconviction court concluded that Mr. Whittey was subject to no greater constraints than others filing motions under rule 3.850, that he apparently had adequate time to research his motion in the first place, and that mere hardship does not constitute good cause. Furthermore, although not delineated as a reason for denial by the postconviction court, Mr. Whittey's allegations were generally factually, not legally, deficient, and he did not indicate how his limited access to the law library affected his ability to restate his claims. Because most of his claims had been denied in an order issued several months prior to the entry of the final order, Mr. Whittey had ample time to consider potential amendments to those claims. Thus, we cannot say that the postconviction court abused its discretion in denying Mr. Whittey's motion to extend the time for filing a motion for rehearing.
Affirmed.
NORTHCUTT, C.J. and WALLACE, JJ., Concur.