PER CURIAM.
 

 Tony L. Gary petitions for a belated appeal of an order of the Duval County Circuit Court denying and dismissing his motion for postconviction relief. We deny the petition on the merits.
 

 The order for which belated appeal is sought was rendered on April 3, 2008, and reflects the trial court’s conclusion that the motion at issue was impermissibly successive, as it was Gary’s fourth attempt to seek relief pursuant to Florida Rule of Criminal Procedure 3.850. The order further noted that the motion was untimely, having been filed in excess of four years after Gary’s conviction became final on direct appeal.
 

 Pursuant to rule 3.850(g), Gary had 15 days to move for rehearing of the trial court’s April 3 order, and on April 16, he mailed from his place of confinement a motion seeking an enlargement of time until May 2, 2008, to accomplish that task. As grounds for this request, he alleged in his unsworn motion that he needed the assistance of an inmate law clerk and had limited access to the law library. The trial court denied the motion for extension of time by order of May 1, 2008. Gary then mailed a motion for rehearing on May 12 (ten days after expiration of the time requested in his motion for extension of time), and the trial court denied that motion by order rendered on May 28, 2008. Gary filed a notice of appeal on June 3, but because his motion for rehearing was untimely and thus did not postpone rendition of the April 3 order, the ensuing appeal was dismissed for lack of jurisdiction in
 
 Gary v. State,
 
 993 So.2d 96 (Fla. 1st DCA 2008).
 

 In now seeking a belated appeal, Gary relies on this Court’s decision in
 
 Daniels v. State,
 
 892 So.2d 526 (Fla. 1st DCA 2004). In
 
 Daniels,
 
 we granted a belated appeal based on the conclusion that the trial court improperly denied a motion for extension of time to seek rehearing where it was alleged that the movant needed to schedule time in the prison law library and to obtain the assistance of an inmate law clerk. Gary also cited to
 
 Daniels
 
 in his motion for extension of time below, evidently in the belief that it stands for the proposition that a trial court has no discretion other than to extend the time for seeking rehearing whenever it is alleged that the movant requires additional time to obtain access to the prison law library and the services of an inmate law clerk.
 
 Dan
 
 
 *715
 

 iels
 
 does not, however, mandate that result.
 

 In addressing requests to extend the two-year deadline to seek relief under rule 8.850, the supreme court held in
 
 State v. Boyd,
 
 846 So.2d 458 (Fla.2003), that rule 3.050 authorizes the granting of such an extension upon a showing of good cause. The court defined “good cause” in this context as follows:
 

 We defined good cause in
 
 [In re Estate of] Goldman
 
 [79 So.2d 846 (Fla.1955) ], finding that it is “a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another’s] advice.” ...
 

 The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his exercise of discretion will be overruled only upon a showing of abuse.
 

 Dohnal v. Syndicated Offices Systems,
 
 529 So.2d 267, 269 (Fla.1988)
 
 (quoting Goldman,
 
 79 So.2d at 848) (citations omitted).
 

 Boyd,
 
 846 So.2d at 460.
 

 In
 
 Nguyen v. State,
 
 868 So.2d 666 (Fla. 1st DCA 2004), we recognized that the time to seek rehearing could likewise be extended upon a showing of good cause, but that whether to grant an extension is nonetheless a matter addressed to the sound discretion of the trial court.
 
 [1]
 

 Under the facts of this case, we conclude that the trial court did not abuse its discretion when it denied Gray’s motion for extension of time. Gary failed to articulate any specific factual basis for his claim that access to the law library and the services of an inmate law clerk were necessary to frame his motion for rehearing within the time ordinarily allotted, and since the purpose of such a motion is to point out matters overlooked or misapprehended by the court and not to raise new issues or arguments, such a conclusion is not readily apparent from the underlying circumstances here. Accordingly, we conclude that the trial court did not improperly deny Gary’s motion for extension of time to seek rehearing. That being the case, petitioner has failed to establish that he is entitled to a belated appeal.
 

 PETITION SEEKING BELATED APPEAL DENIED.
 

 HAWKES, C.J., KAHN and WEBSTER, JJ., concur.
 

 [1]
 

 . In
 
 Whittey v. State,
 
 965 So.2d 362 (Fla. 2d DCA 2007), the court correctly pointed out that our brief opinion in
 
 Daniels
 
 did not address the discretion of a postconviction court to act in matters of this kind. That such discretion exists and is exercised on the basis of facts and circumstances peculiar to each case is made apparent by
 
 Boyd,
 
 thus making it clear that
 
 Daniels
 
 cannot be read as establishing a per se rule that it is always improper to deny an extension of time grounded on the alleged need to schedule time in the law library and obtain assistance from an inmate law clerk.