COPE, J.
 

 This is an appeal of an order denying an extension of time for filing a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
 

 Defendant-appellant Yileymi Suarez was convicted at trial of vehicular homicide and sentenced to imprisonment.
 
 Suarez v. State,
 
 879 So.2d 1251 (Fla. 3d DCA 2004). Her petition for review in the Florida Supreme Court was denied on January 31, 2005. Her two-year time limit for filing a rule 3.850 motion expired on January 31, 2007.
 

 The defendant filed her motion for extension of time on August 14, 2008. She alleged that she was having difficulty obtaining documents from her trial counsel. The trial court denied the motion and the defendant has appealed.
 

 The trial court denied the motion on the theory that the defendant was required to file her motion for extension of time prior to the expiration of the two-year deadline of rule 3.850. We respectfully disagree with that part of the trial court’s order.
 

 The Florida Supreme Court has held that the deadline for filing a rule 3.850 motion may be extended under rule 3.050. Under rule 3.050(1), the time period may be enlarged for good cause if the defendant files the extension request prior to the expiration of the two-year period.
 
 State v. Boyd,
 
 846 So.2d 458, 460 (Fla.2003). Under the facts of
 
 Boyd,
 
 rule 3.050(1) was the relevant provision.
 

 The Fourth District has explained that rule 3.050(2) allows a motion for extension to be filed after the two-year deadline.
 
 Parker v. State,
 
 907 So.2d 694, 695 (Fla. 4th DCA 2005). Under subdivision (2), there is a more stringent standard. The defendant must show both good cause and that “the failure to act was the result of excusable neglect....”
 
 Id.; Parker,
 
 907 So.2d at 695.
 

 In the present case, the defendant’s motion did not address the issue of excusable neglect. We therefore affirm the order now before us. This ruling is without prejudice to the defendant to refile the motion if she has a good faith basis for asserting good cause and excusable neglect.
 

 Affirmed.