*972
 
 ALTENBERND, Judge.
 

 Linda Manning appeals an order denying a motion for extension of time to file a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. We dismiss this appeal, holding that the issue must be appealed after the filing and disposition of the postconviction motion.
 

 Our record consists of a letter from Linda Manning “to whom it may concern” and an order treating it as a motion for extension of time to file a postconviction proceeding. Accordingly, we have virtually no information about this case. Ms. Manning claims she is in prison because she was convicted of grand theft and burglary in January 2007. This court does not appear to have any record of a direct appeal from that conviction.
 

 Ms. Manning’s letter asks for extra time to file a motion and help with obtaining duplicate copies of portions of her trial court record. The unsworn letter was delivered in January 2009 within the time authorized for the filing of a postconviction motion under rule 3.850. The letter explains that she was in the hospital in late October 2008 and that her personal property, including her legal file containing a motion for postconviction relief ready for filing, was lost. She attaches a “lost/stolen personal property claim” that she filed with the Department of Corrections in November 2008. That document suggests that DOC acknowledged her loss, at least in part, and provided some replacement property.
 

 The trial court filed this letter in cases CF06-1609 and CF06-2351. It then issued an order in April 2009 that treated the letter as a motion for extension of time “in the interest of judicial economy and fairness.” The order denied the motion for extension of time and informed Ms. Manning that she could appeal the decision within thirty days to this court. She appealed.
 

 We recognize that this court has entertained at least one appeal from a similar order.
 
 See Giles v. State,
 
 773 So.2d 1167 (Fla. 2d DCA 2000). In
 
 Giles,
 
 we affirmed the trial court’s order denying an extension.
 
 Id.
 
 at 1168.
 
 Giles
 
 was expressly disapproved by the supreme court in
 
 State v. Boyd,
 
 846 So.2d 458, 458-59 (Fla.2003). In
 
 Boyd,
 
 the supreme court held that an extension for good cause shown is proper in such a postconviction proceeding.
 
 Id.
 
 at 460.
 

 In
 
 Boyd,
 
 the defendant did not appeal the order denying his extension. Instead, he filed his postconviction motion as soon as he could and then appealed the order denying that motion, which was based on the theory that the motion was untimely.
 
 Id.
 
 at 459. We conclude that this procedure is far superior to the procedure we utilized in
 
 Giles.
 

 As a technical matter, there has been no postconviction proceeding filed in the trial court in this case. It is difficult to have a final appealable order when there has been no proceeding. From a practical perspective, neither the trial court nor this court has any information about the ground or grounds that Ms. Manning wishes to pursue in her motion. In
 
 Boyd,
 
 the supreme court held that the trial court could not summarily deny the motion for extension without considering the grounds for the extension.
 
 Id.
 
 at 460. This could easily
 
 *973
 
 require an evidentiary predicate and is not the type of issue that a trial court should be expected to decide merely on the content of a letter from a prisoner. In many cases, it may be easier to resolve the motion on the merits than on the issue of timeliness.
 

 Accordingly, we hold that when a motion for extension to file a postconviction motion is denied, the defendant should not appeal that order, but should instead file the intended motion as soon as possible, alleging the grounds for the motion to the best of the defendant’s ability and further alleging the reason why the motion is untimely. Thereafter, the trial court is authorized and has discretion to dispose of the motion on the issue of timeliness or on any other dispositive issue. Obviously, the trial court cannot grant the motion in favor of the defendant unless it first determines that the motion was timely or that its earlier motion denying the extension warrants reconsideration. This court will review the denial of the motion to extend time, if necessary, when reviewing the order disposing of the postconviction motion.
 

 In dismissing this appeal, we observe that Ms. Manning has delayed filing her postconviction motion during the last year because she was awaiting the outcome of her motion to extend time and then was following the trial court’s advice to appeal the order. This period should not be considered in evaluating whether she has shown good cause for an extension in any postconviction motion that she files in the trial court during the sixty-day period following our issuance of this dismissal.
 

 Dismissed.
 

 SILBERMAN and VILLANTI, JJ„ concur.