WARNER, J.
 

 The appellant filed a timely motion for postconviction relief raising two claims. Subsequent to the two-year time limit on filing motions for postconviction relief under Florida Rule of Criminal Procedure 3.850, the appellant moved for and was granted two extensions of time to amend his motion. When the state responded to the amended motion, it claimed that the new claims were untimely. The court denied all of the claims based upon the state’s response. We reverse as to the claims raised in the amended motion.
 

 The court should have considered the claims raised in the amended motion on their merits and not denied them as untimely, because it had already granted the appellant leave to amend to add those claims.
 
 [1]
 
 This court has determined that a court can enlarge the strict two-year time limit of Rule 3.850(b) by application of Rule 3.050(2).
 
 See Parker v. State,
 
 907 So.2d 694 (Fla. 4th DCA 2005);
 
 see also State v. Boyd,
 
 846 So.2d 458 (Fla.2003);
 
 Suarez v. State,
 
 8 So.3d 1226 (Fla. 3d DCA 2009). Although we do not think that the appellant alleged either good cause or excusable neglect in his motion for enlargement of time, nevertheless, the trial court granted the motion. It cannot deny those claims as untimely, having made them timely by granting the extension.
 
 See Ziegler v. State,
 
 720 So.2d 1169 (Fla. 4th DCA 1998).
 

 As to the two claims which the trial court determined were timely filed, we affirm as both are without merit.
 

 Affirmed in part; reversed in part; and remanded for further proceedings.
 

 STEVENSON and GERBER, JJ., concur.
 

 [1]
 

 . The motions for enlargement of time were granted by a predecessor judge to the judge who denied the claims.