DAVIS, Judge.
 

 Jennard Ham appeals an order denying a petition seeking an extension of time to file his second motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Because such an order is nonfinal, we dismiss this appeal.
 

 In 2006, Ham pleaded guilty to trafficking in cocaine and was sentenced to fifteen years in prison. The judgment and sentence were affirmed on direct appeal.
 
 See Ham v. State,
 
 963 So.2d 709 (Fla. 2d DCA 2007) (table decision). Because the mandate issued on September 21, 2007, Ham had until September 21, 2009, to timely file a rule 3.850 motion.
 
 See
 
 Fla. R.Crim. P. 3.850(b). Ham did file one rule 3.850 motion in November 2007, the denial of which was affirmed by this court.
 
 See Ham v. State,
 
 999 So.2d 650 (Fla. 2d DCA 2009) (table decision).
 

 Then, in October 2009, Ham filed a petition with the trial court asking for additional time to file a second rule 3.850 motion. Ham’s petition essentially requested permission to file a second postconviction motion without risk that it would be dismissed as successive under rule 3.850(f). The postconviction court summarily denied Ham’s petition because he had failed to attach a copy of his postconviction motion. The court’s order noted that Ham could
 
 *190
 
 appeal the decision to this court within thirty days. This was erroneous advice.
 

 [W]hen a motion for extension to file a postconviction motion is denied, the defendant should not appeal that order, but should instead file the intended motion as soon as possible, alleging the grounds for the motion to the best of the defendant’s ability and further alleging the reason why the motion is untimely. Thereafter, the [postconviction] court is authorized and has discretion to dispose of the motion on the issue of timeliness or on any other dispositive issue. Obviously, the [postconviction] court cannot grant the motion in favor of the defendant unless it first determines that the motion was timely or that its earlier motion denying the extension warrants reconsideration. This court will review the denial of the motion to extend time, if necessary, when reviewing the order disposing of the postconviction motion.
 

 Manning v. State,
 
 28 So.3d 971, 973 (Fla. 2d DCA 2010). Because, at this juncture, we do not have a final, appealable order for review, we dismiss this appeal. Ham shall have sixty days following the date that this opinion becomes final to file his rule 3.850 motion for postconviction relief.
 
 See id.
 
 Once he files the motion, the trial court can determine the issues of timeliness and successiveness as outlined by the case law and can then dispose of the motion on the merits, if appropriate.
 

 Dismissed.
 

 KELLY and WALLACE, JJ., Concur.