RAMIREZ, C.J.
James C. Carroll appeals the trial court’s summary denial of his pro se “Motion to Request Time on Post-Conviction Relief Pursuant to Rule 3.850.” Carroll filed this motion in the trial court on August 23, 2010. It appears he was under the mistaken idea that he needed to request more time to file his 3.850 motion because he had requested his deposition, discovery packet and trial transcript from the attorney who represented him on his direct appeal, but had not received anything. In fact, Carroll had until November 18, 2010, to file his 3.850 motion because the mandate from this Court in his direct appeal issued on November 19, 2008.
The trial judge summarily denied Carroll’s “Motion to Request Time on Post-Conviction Relief Pursuant to Rule 3.850.” In her order, the trial judge stated, “[d]e-nied without a hearing as the defendant’s motion would already be time barred.” The trial court was apparently under the impression that the two-year period for Carroll filing his 3.850 already had expired.
We dismiss the appeal, pursuant to Manning v. State, 28 So.3d 971 (Fla. 2d DCA 2010), which is directly on point. In Manning, the Second District Court of Appeal held that when a defendant’s motion for extension of time to file a postcon-viction motion pursuant to Florida Rule of Criminal Procedure 3.850 is summarily denied, “the defendant should not appeal that order, but should instead file the intended motion as soon as possible, alleging the grounds for the motion to the best of the defendant’s ability and further alleging the reason why the motion is untimely.” Id. at 973. The trial court then has the discretion to decide the motion on the timeliness issue or any other dispositive issue. Thereafter, the appellate court will review the denial of the motion to extend, if need be, when it reviews the order disposing the postconviction motion. Id. In the case before us, as in Manning, Carroll has not even filed a 3.850 motion yet, so neither the trial court nor our Court has any information on the grounds that Carroll is going to pursue in his 3.850 motion.
Consequently, we dismiss the appeal. We note, however, that the Second District stated in Manning that the defendant in that case had delayed filing her postconviction motion because she was awaiting the outcome of her motion to extend time. Id. In the case before us, Carroll is in a similar situation. He has delayed filing his postconviction motion since August 23, 2010, because he was awaiting the outcome of his “Motion to Request Time.” As such, the trial court should not consider from August 23, 2010, through September 9, 2010 (the period during which Carroll was awaiting a ruling from the trial court on his “Motion to Request Time”), in evaluating whether Carroll has shown good cause for an extension in any postconviction motion that he files in the trial court during the sixty-day period following our issuance of this dismissal.
Dismissed.