PER CURIAM.
The appellant seeks review of an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The time period for filing a timely rule 3.850 motion was due to expire on December 27, 2008. On December 26, 2008, the appellant filed a motion for an extension of time, and, on March 23, 2009, the appellant filed the instant rule 3.850 motion raising several claims of ineffective assistance of counsel. The trial court, in its discretion, denied the appellant’s motion to extend and subsequently denied the appellant’s rule 3.850 motion as untimely. We reverse.
An “appellate court will review the denial of the motion to extend, if need *197 be, when it reviews the order disposing of the postconviction motion.” Carroll v. State, — So.3d —, 2010 WL 5381851 (Fla. 3d DCA 2010) (quoting Manning v. State, 28 So.3d 971, 973 (Fla. 2d DCA 2010)). The time period for filing rule 3.850motions may be extended for good cause. State v. Boyd, 846 So.2d 458, 459 (Fla.2003). Because the determination of good cause is based on the peculiar facts and circumstances of each case, the trial court’s exercise of discretion in weighing the equities involved will be overruled only upon a showing of abuse. Id.
Here, the trial court did not determine whether the appellant had shown good cause for an extension. Rather, the trial court’s sole stated reason for denying the motion to extend was that the appellant had filed a previous rule 3.850 motion and, therefore, a subsequent motion would be proeedurally barred as successive. We disagree.
In his previous rule 3.850 motion, the appellant raised nine claims of trial court error and one claim alleging seven distinct grounds of ineffective assistance of counsel. The trial court denied the motion based on the fact that all of the issues were proeedurally barred as issues which could have and should have been litigated before the trial court or on direct appeal. The court apparently overlooked that claim ten involved assertions of ineffective assistance of counsel—claims the appellant was unable to litigate on direct appeal. Criner v. State, 943 So.2d 224 (Fla. 1st DCA 2006) (holding that Defendant’s claims of ineffective assistance of counsel were not cognizable on direct appeal, where such claims were not apparent on the face of the record); see also McKinney v. State, 579 So.2d 80, 82 (Fla.1991) (holding that “[c]laims of ineffective assistance of counsel are generally not reviewable on direct appeal, but are properly raised in a motion for posteonviction relief ’).
We have held that the denial of a rule 3.850motion as successive is proper, provided that “the prior determination was on the merits.” Fla. R. Crim. P. 3.850(f); Freeman v. State, 589 So.2d 368, 369 (Fla. 1st DCA 1991); Williams v. State, 561 So.2d 1349, 1350 (Fla. 1st DCA 1990). The appellant’s postconviction claims of ineffective assistance’ of counsel were never decided on the merits. Thus, a subsequent rule 3.850 motion would not be procedurally barred as successive, and the trial court’s reason for denying the appellant’s motion to extend would be erroneous. A trial court’s ruling which is “based on an erroneous view of the law or on clearly erroneous assessment of the evidence” constitutes an abuse of discretion. Salazar v. State, 991 So.2d 364, 373 (Fla.2008).
We note that in the appellant’s motion to extend, he alleged that his previous rule 3.850motion was fraudulent and that he spent the remainder of his two-year time period attempting to get his previous motion nullified as such. If true, these alter gations may constitute good cause for needing additional time to file a proper motion. Therefore, we conclude that the trial court erred in summarily denying the appellant’s motion as untimely without considering the grounds for the extension. See Boyd, 846 So.2d at 460.
Accordingly, we remand for further proceedings, which may include an evidentiary hearing to determine the merits of the allegations set forth in the motion to extend.
REVERSED AND REMANDED.
ROBERTS, CLARK, and WETHERELL, JJ., concur.