PER CURIAM.
Bruce E. Payton challenges the summary denial of his motion for leave to file a belated postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. Because Payton’s appeal is from a nonfi-nal, nonappealable order, it is dismissed. See Manning v. State, 28 So.3d 971, 972 (Fla. 2d DCA 2010) (dismissing an appeal from an order denying a motion for extension of time to file a postconviction motion and holding that “the issue must be appealed after the filing and disposition of the postconviction motion”).
Payton shall have thirty days following the date that this opinion becomes final to file his rule 3.850 motion for postconviction relief, at which time the trial court can determine the issues of timeliness and suc-cessiveness and dispose of the motion on the merits, if appropriate. See Ham v. State, 36 So.3d 189, 190 (Fla. 2d DCA 2010). We note that if Payton chooses to file a rule 3.850 motion, it would be the second such motion he has filed. The postconviction court denied his first motion *934 as untimely, and this court affirmed the order. See Payton v. State, 44 So.3d 589 (Fla. 2d DCA 2010) (table). Accordingly, this opinion should not be interpreted as a determination that the postconviction court is precluded from finding that Payton’s second motion, should he file one, is procedurally barred.
Dismissed.
SILBERMAN, MORRIS, and BLACK, JJ., Concur.