KHOUZAM, Judge.
Jennard C. Ham appeals a final order dismissing as untimely his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. Because we conclude that the motion was neither untimely nor successive, we reverse and remand for the postconviction court to address the motion on the merits.
Ham originally filed in the circuit court a petition for permission to file a second rule 3.850 motion. The court denied the petition and informed Ham that he had thirty days to appeal the order. Ham filed an appeal, and this court dismissed the appeal as from a nonfinal order. Ham v. State, 36 So.3d 189 (Fla. 2d DCA 2010). We also directed that Ham would have “sixty days following the date that this opinion becomes final to file his rule 3.850 motion for postconviction relief.” Id. at 190.
The record on appeal indicates that Ham filed a substantive rule 3.850 motion within the deadline set by this court. Unfortunately, our earlier opinion also recited that Ham had filed his petition in October 2009, which fell beyond the two-year deadline for filing motions under rule 3.850. Id. at 189; see Fla. R.Crim. P. 3.850(b). Ham actually filed the petition in August 2009, within the two-year deadline. In ruling on Ham’s substantive rule 3.850 motion, however, the postconviction court repeated our incorrect October 2009 date, finding that the petition was filed beyond the two-year deadline. Because this erroneous ground appears to be the postconviction court’s sole basis for finding Ham’s substantive rule 3.850 motion untimely and because Ham’s motion was filed within the sixty-day deadline set in our earlier opinion, we conclude that the motion, though filed about one year beyond the two-year deadline, must be considered timely. See Ham, 36 So.3d at 190; see also Manning v. State, 28 So.3d 971, 973 (Fla. 2d DCA 2010) (“This period [during which the appeal has been pending] should not be considered in evaluating whether [the appellant] has shown good cause for an extension in any postconviction motion that she files in the trial court during the sixty-day period following our issuance of this dismissal.”).
We further conclude that Ham’s substantive rule 3.850 motion was not successive, at least with respect to claims one and two of the three-claim motion. This *311 court’s records in proceeding 2D08-2992, the appeal of the order denying Ham’s first rule 3.850 motion,[1] reflect that claims one and two of Ham’s present motion concern the same subject matter as claims in the first motion that were dismissed as legally insufficient, not denied on the merits. See Fla. R.Crim. P. 3.850(f) (directing that “[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits”).
We therefore reverse and remand for the postconviction court to review Ham’s substantive rule 3.850 motion on the merits.
Reversed and remanded with instructions.
VILLANTI and BLACK, JJ„ Concur.

. See Ham v. State, 999 So.2d 650 (Fla. 2d DCA 2009) (table decision).