WALLACE, Judge.
Beloni Petit-Frere challenges an order denying his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Petit-Frere was convicted on multiple drug charges and sentenced to prison. This court affirmed his direct appeal without opinion. Petit-Frere v. State, 972 So.2d 184 (Fla. 2d DCA 2008) (table decision).[1] The postconviction court summarily denied some of the claims in Petit-Frere’s first postconviction motion and denied the remainder after conducting an evidentiary hearing. During the appeal of that order, Petit-Frere filed a second post-conviction motion, which the court dismissed for lack of jurisdiction because his postconviction appeal was pending. This court affirmed the dismissal of the second postconviction motion without opinion. Petit-Frere v. State, 43 So.3d 702 (Fla. 2d DCA 2010) (table decision). In dismissing Petit-Frere’s second postconviction mo *683 tion, the postconviction court did so without prejudice to Petit-Frere to refile it “upon the Second District Court of Appeal rendering a [mjandate” in the first post-conviction appeal. Petit-Frere filed an updated and revised version of the motion about two years beyond the two-year deadline set in rule 3.850(b) and three months after this court issued the mandate. The denial of the updated motion forms the basis for this appeal.
Petit-Frere’s sole issue in the updated motion, as in his second postconviction motion, was that court-appointed postconviction counsel was ineffective. Specifically, Petit-Frere alleged that once counsel was appointed by the court for the evidentiary hearing to be held on his first postconviction motion, he asked counsel about bringing to the court’s attention supplemental ineffectiveness-of-trial-counsel claims that Petit-Frere wanted to add to the first motion. Petit-Frere alleged that counsel initially seemed interested but ultimately told him he could just file another postcon-viction motion; counsel went forward with the evidentiary hearing, and no supplemental motion was filed. Petit-Frere argued that postconviction counsel was ineffective for not moving the court to allow the additional claims to be filed or otherwise failing to inform the court of their existence, resulting in a situation in which he would then have been forced to file his additional claims “in a[n] untimely and successive way.” He asked the court to allow him sixty days to file the supplemental ineffectiveness claims. The postconviction court denied the updated motion on the ground that a claim of ineffectiveness of postconviction counsel was not cognizable under rule 3.850. This appeal followed.
The postconviction court correctly ruled that claims of ineffective assistance of postconviction counsel are not cognizable under rule 3.850. See, e.g., Kokal v. State, 901 So.2d 766, 777 (Fla.2005); Zito v. State, 990 So.2d 1257, 1257 (Fla. 2d DCA 2008). This principle appears not to have changed even in the wake of a recent United States Supreme Court opinion that appears to have opened up the possibility of ineffectiveness-of-postconviction-counsel claims in limited circumstances. Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 1315-19, 182 L.Ed.2d 272 (2012); see also Gore v. State, 91 So.3d 769, 778 (Fla.2012) (“It appears that Martinez is directed toward federal habeas proceedings and is designed and intended to address issues that arise in that context.”).
Nevertheless, because Petit-Frere’s motion also requested an extension of time to file his additional claims of ineffective assistance of trial counsel, we conclude, particularly under the unusual posture in this case, that the postconviction court should have also treated the motion under Florida Rule of Criminal Procedure 3.050, concerning enlargement of time. A postconviction court may, under rule 3.050, extend the two-year rule 3.050 deadline “for good cause shown.” State v. Boyd, 846 So.2d 458, 460 (Fla.2003) (quoting Fla. R.Crim. P. 3.050) (concerning motions for extension of time filed before a deadline under rule 3.050); see also Parker v. State, 907 So.2d 694, 695 (Fla. 4th DCA 2005) (allowing motions for enlargement of time to be filed after the rule 3.850 deadline in accordance with rule 3.050, which requires the movant to demonstrate excusable neglect); Suarez v. State, 8 So.3d 1226, 1226 (Fla. 3d DCA 2009) (same).[2]
*684 We therefore reverse and remand for the postconviction court to consider Petit-Frere’s motion filed February 20, 2012, under rule 3.050. If the court grants the motion, Petih-Frere must file his supplemental claims within the deadline set by the postconviction court. If the court denies the motion, Petit-Frere may proceed in accordance with Manning v. State, 28 So.3d 971, 973 (Fla. 2d DCA 2010) (requiring the movant to file his postconviction motion “as soon as possible” after the denial of his motion for extension of time and to include an allegation explaining why the motion is untimely).
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT and VILLANTI, JJ., Concur.

. The appellant has used different spellings of his last name in his several appeals.

. Although perhaps Petit-Frere should simply have filed his supplemental claims at some point, the existence of appointed counsel during the pendency of his first postconviction motion, cf. Logan v. State, 846 So.2d 472 (Fla.2003), and the postconviction court's ear- *684 Her statement allowing him to refile the ineffectiveness-of-postconviction-counsel claim may have prevented him from doing so.