DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT NICHOLAS KOVACS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1150

[October 16, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 2011-CF-010350AXXXMB.

Robert Nicholas Kovacs, Malone, pro se.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We reverse the denial of appellant's motion for an extension of time to file his first postconviction relief motion pursuant to Florida Rule of Criminal Procedure 3.850. Appellant filed his motion for extension before the expiration of the time for filing. *See* Fla. R. Crim. P. 3.850(b).

To obtain an extension, appellant was required to show "good cause." *See Parker v. State*, 907 So. 2d 694, 695 (Fla. 4th DCA 2005). "Good cause" has been defined as "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice." *Id.* (quoting *State v. Boyd*, 846 So. 2d 458, 460 (Fla. 2003)).

A hurricane caused flooding at the prison where appellant was housed, destroying many of his legal documents, such that he "suffered a complete loss of over 12 months of legal research and documents accumulated and prepared for postconviction motions." Like other biblical calamities,

hurricanes and floods that impact a person's ability to timely file a postconviction motion constitute good cause for an extension to file.

We remand the case to the circuit court where appellant shall be accorded a reasonable time to file his postconviction motion.

LEVINE, C.J., and DAMOORGIAN, J., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***